17-2309 Mr. Jackman. Yes sir. You may proceed sir. May it please the court, my name is Norman Jackman and I represent the appellant Brian Danahay who worked for nine months and nine days for the Postal Service. I complain to him that the truck he was required to use was leaking fumes into the cab. He was told if he wanted to keep his job, he had to keep driving the truck. He needed the money. You could say that he was kind of dumb to do what he did, but that was the problem he faced, either lose the job or keep driving the truck. So he hoped for the best and at the end of This case involves nine months and nine days worth of earnings by Mr. Danahay. Isn't the issue before us simply the timeliness of his appeal? Yes, I'll address that right now. About 2015, he had his, I guess it was his third case against OPM at the Merit Systems Protection Board and this time the administrative judge ruled in his favor and it went up on to this case came years before that and when this circuit ruled in Grover versus OPM, your honor may remember the case involved OPM's calculation of retirement annuities and they said they used deductions to the retirement plan in order to calculate backwards what the person's earnings were. And I had argued at the time and the court agreed with me that there was never a statute in the history of this country that authorized OPM or anyone else to calculate backwards in order to determine what the statute describes as three highest consecutive years of earnings. And consequently, after the Grover case was decided, I filed yet another case with Merit Systems Protection Board, not based on appealing the two year old case, but rather based on the Grover decision and I have with me its supplemental appendix page 22. Let me understand this. Is it your contention that there was good cause here for delaying in the filing of your appeal to the board more than 18 months after the expiration date for appealing from the OPM decision because the federal circuit issued the Grover opinion and so therefore that's good cause for the delay? No. So what is the good cause for the delay? There was no delay. After the Grover case... No, no. As I understand it, the OPM issued a decision in May of 2015. Yes. And then you filed your appeal from that adverse decision in February of 2017. No. No? What I filed was not an appeal. It was a new case based on the fact that they were still every month violating the law and violating the Grover decision by paying them the same amount and never recalculating it. The appeal to the MSPB in February 2017. Yes. You're saying it wasn't an appeal from the 2015 OPM decision? It was something else? That's right. Really, I may have mentioned it, but in my appeal to the MSPB, it was strictly based on the fact that the law was changed in the Grover case and therefore when they kept paying him every single month the same money as they were paying him beforehand, at the very least, every payment is a new cause of action. And it was based on that. My understanding is that the regulation that sets forth the deadline for appealing from an adverse OPM decision is 30 days from the decision itself. Yes. Not 30 days from every time an annuitant receives an annuity check. Well, my response to that is that the payment of the next check after Grover's decision was itself a violation because it was still based on deductions and was never based on his actual earnings. Could you have refiled something at the OPM itself rather than filing this, what you want to call it, a cause of action or an appeal to the MSPB? This was the fourth case we filed against OPM. And frankly, a client, brain damaged, says to me, I think they're waiting for me to die. Gets kind of disgusted. Four cases. Several times they said, we'll reconsider. And then they reconsider sooner or later, months and months later. And they affirm what they had said in the first place. We ran out of patience in feeling that we should do anything further with OPM. I've got correspondents from OPM telling me one thing two years in a row and then changing it after the second year, 180 degree difference. So I've been afraid to bother with them because my clients, and I have several with the same kind of situation, they're ill. And this isn't the only client to say to me, I think they're waiting for me to die. So that's why I filed a new case with MSPB based on a violation of what had been decided in Grover based on new payments. Not based. But the MSPB is not the place. The MSPB is not the place to file new claims. No, I don't mean a claim. I filed a case against OPM at MSPB for underpaying. The MSPB is not where you file a case. It's where you file an appeal. Where you file a claim is elsewhere, maybe before OPM, maybe before an agency, maybe before somebody else. But the MSPB is a board of appeals. So what you're saying then, Judge, is that I have to go back or had to go back to a new claim here, for example. No, that's right. Why? Because we're a court of review and that's the same for the MSPB in the agency context. Well, I appreciate the thought, Judge. I'd just like to get it straight. That's why you're here in this dilemma because you filed whatever it is you claim you filed 19 months after an earlier decision and the board treated that as an untimely appeal. That's exactly what they did. Judge, 10 years after he was diagnosed with brain damage and he still hasn't gotten it settled and OPM just plain stalls every way they possibly can. I know you can't relax the rules. Yeah, I mean, I'm sympathetic to your client, but, you know, rules are rules. And I have to go back to OPM with the question and appeal any adverse decision. They usually take a year or two before those cases are over and that's the problem. But I understand what you're saying and I accept that. Okay, let's hear from Counselor Good morning, Mayor, Police and Court. I'm not quite sure how to respond to Petitioner's argument just now because what we have is a case in which he filed 19 months late after OPM specifically told him. And if you look at the supplemental appendix at 24, you'll see where OPM specifically said you have 30 days from the date of this decision to file your appeal. And he waited 14 months. He bring up the Grover decision. The Grover decision is not relevant to what we're dealing with today. Grover decision in terms of how it was calculated is talking about the merits, the underlying merits of this case. But assuming for the moment he could tie the Grover decision into the time in this issue, the Grover decision dealt with a customs officer who was being calculated under specific regulations and under specific statutes. So it's not relevant because it was dealing with overtime as opposed to the appellant here is dealing with part-time situations. So it's not relevant to what we're dealing with. The only issue before the court today is whether or not the appellant filed his appeal in a timely manner. And if he didn't, and I don't think there's any dispute that he did not file it, at least he did not file it within the 30 days from the date of the OPM decision. So whether or not he showed good cause. He mentioned brain damage. The appellant did not show or did not bring any evidence to the board to show under the Lacey decision that his brain injury prevented him in any way from filing a timely appeal before the board. Appellant's attorney mentioned today that he was filing a new case. In these types of cases, a continuing, I think he's trying to say that there was a continuing violation. However, in this type of case, there's no such thing as a continuing violation specifically when OPM gave a specific direction that the decision was issued on a certain date. You have 30 days from this date to file your appeal and he failed to do so. I think he cannot come now and say he filed a new case. Of course, the board didn't consider it a new case and quite frankly, I don't think it was because I don't think the board was in a position to on reconsideration because he didn't go back to OPM. So I don't believe that he met his burden to show good cause for the 19 months filing. And even if he wanted to use the Grover decision as his basis to say I have a new cause of action, he still waited six and a half months after the issuance of the Grover decision to file his appeal. So he still would have been late. So we believe the board correctly found that he did not show cause for the 19 months delay in filing his appeal. We feel that he did not show that there was any type of illness that prevented him from filing the appeal. So is it your view that what the appellant ought to do is refile a claim at the OPM to say in its view there was an intervening change in law called Grover on how to calculate annuities. So please OPM reconsider your annuity calculation for me? I don't know if he can file that. What I do know is that he didn't file with the board on time. No, I understand. I understand. Let's just assume for the moment that this was out of time to appeal to the board. But my question is, what is his next course of action? If he genuinely believes that his annuity calculation is currently wrong under the law, could he at this point, even though he's made prior claims at OPM, make a new claim at OPM at this point? I don't know the answer to that. He could try. In my opinion, I don't know whether or not OPM would say he's untimely. I don't know how the OPM would rule on that. He could try to go to OPM to say each time he gets a decision, it's the wrong calculation. I don't even know if the calculation is incorrect at this point, but that would be a step that he could try. I do know that if he, anytime you go to OPM and OPM issues a reconsideration decision, OPM will give that individual a right to come to the board and appeal that decision to the board within a timely manner. And OPM generally, I mean, it could miss something, but usually, and I haven't seen where OPM did not, and it certainly did not in this particular case, OPM will say in its appeal rights, this is a final decision. You have X number of days, 30 days from the day of this decision to come. He can try. I don't know how far he would get with OPM. Okay, Ms. Durden, I think we have your government's position on this. Thank you so much, Your Honor, unless you have other questions for me? No. Thank you very much. Thank you. Mr. Jackman, you had run out of time, but I'd like to hear your concluding. Just very briefly, when the man came to me, he was getting a net pay of $3.49 a month. He couldn't afford a lawyer, and I agreed to take his case to the MSPB and appeal it to the board if I had to. And to go no further, neither he nor I could afford to come here. He couldn't pay me. But that's, I understand your sympathy, Your Honor, and I understand what you're saying. I will refile an appeal with OPM, and I expect that I'll wind up back here next year. We wish you the best of luck, Mr. Jackman. Thank you, Judge. This court is now in recess. Thank you. All rise.